[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S POST JUDGMENT MOTION FOR COUNSEL FEES
This case originated in the Small Claims Division of the court but was transferred to the regular docket by the defendant. After trial, the plaintiff was awarded damages of $3,020 plus costs. The plaintiff now moves, pursuant to General Statutes § 52-251a, for an award of counsel fees. Counsel has filed an affidavit in support of the motion and the court has heard the parties.
The plaintiff argues that the defendant should be held responsible for the consequences of the transfer which necessitated pleadings and discovery. He also points out that the defendant filed a counterclaim for vexatious suit which the court considered to be totally without merit.
The defendant argues that the hours compiled by counsel are excessive and the hourly rate requested results in a claim for services which far CT Page 7191 exceeds the award.
As noted by the plaintiff and illustrated by Stereo Shop, Inc. v.Ivanoff, Conn. Supr. 1998, appended to his reply to the defendant's objection, courts have awarded counsel fees in excess of the award made to the claimant.
Such a claim is particularly appropriate in cases transferred from the small claims docket where the movant creates a mountain out of a mole hill. Plaintiff's counsel had the obligation to treat this matter as seriously as he would if the amount in dispute was in five figures. He displayed to the court the discovery material produced, all of which had to be studied. He could not prejudice his client by ignoring the ill-considered counterclaim. Finally, he had to prepare for trial and then try the case against a defendant who conceded nothing.
This court does not enjoy having to assess a substantial award against this non-profit organization which enjoys an excellent reputation in the community and performs such a valuable function. However, it stands in a court of justice on an equal footing with other litigants.
The court will reduce the hourly rate requested by $25 per hour on the premise that not all legal services warrant the usual billing rate of an attorney.
Counsel had estimated the trial to consume eight hours, but that figure may be off very slightly. The court finds an award of $9,250 to be fair and reasonable, that sum representing 37 hours at $250 per hour.
Anthony V. DeMayo, J.T.R.